
FILED

NOV 19 2018

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | Cause No. CR 16-007-BLG-SPW |
| | CV 18-118-BLG-SPW |
| Plaintiff/Respondent, | |
| vs. | ORDER DENYING § 2255 MOTION |
| | AND DENYING CERTIFICATE OF |
| MICHAEL VINCENT VILLALOBOS, | APPEALABILITY |
| Defendant/Movant. | |

This case comes before the Court on Defendant/Movant Michael Vincent Villalobos's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Villalobos is a federal prisoner proceeding pro se.

The Court has consulted the court reporter's rough transcript of Villalobos's change of plea hearing. Pursuant to 28 U.S.C. § 753(f), the United States will be required to order the transcript for the Court's file and for Villalobos.

**I. Preliminary Review**

Before the United States is required to respond, the Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional

1

error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But the Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On January 21, 2016, a grand jury indicted Villalobos and three co-defendants on one count of conspiring to possess 50 grams or more of a substance containing methamphetamine with intent to distribute it, a violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count 1); one count of possessing or aiding and abetting possession of the same, a violation of 21 U.S.C. § 841(a)(1) (Count 2); and one count of money laundering, a violation of 18 U.S.C. § 1956(a)(1) (Count 3). If convicted on Counts 1 or 2, Villalobos faced a mandatory minimum sentence of five years in prison. *See* Indictment (Doc. 1) at 1–4; 21 U.S.C. § 841(b)(1)(B). Initially, Assistant Federal Defender David Merchant was appointed to represent Villalobos, *see* Order (Doc. 34), but Villalobos later retained attorney David Scott Freedman, *see* Notice of Appearance (Doc. 45).

On May 23, 2016, the parties filed a fully executed plea agreement.

Villalobos agreed to plead guilty to Counts 1 and 3. The United States agreed to dismiss Count 2, to recommend a three-level reduction for acceptance of responsibility, and to seek a variance if the total offense level was elevated as a result of the money laundering conviction. Both parties conditionally agreed to waive appeal of the sentence. *See* Plea Agreement (Doc. 73) at 2 ¶ 2, 6–7 ¶ 6, 7 ¶ 8. Villalobos pled guilty in open court on June 10, 2016. *See* Minutes (Doc. 85).

At sentencing, Villalobos's total offense level was 31. With a criminal history category of II, his advisory guideline range was 121 to 151 months. Villalobos was sentenced to serve 130 months in prison, to be followed by a five-year term of supervised release. *See* Minutes (Doc. 114); Judgment (Doc. 116) at 2-3; Statement of Reasons (Doc. 117) at 1 § III.

Villalobos did not appeal. His conviction became final on November 4, 2016. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

On August 10, 2018, the Court received an unsigned motion under 28 U.S.C. § 2255. Villalobos submitted an identical signed motion on August 24, 2018 (Doc. 146). The motion is probably untimely, *see* 28 U.S.C. § 2255(f)(1), but there is no need to decide the issue.

### III. Claims and Analysis

Villalobos claims that the United States breached the plea agreement by failing to dismiss a count, that his sentence should have been limited by the terms

of his plea, that his base offense level was incorrectly calculated, and that counsel was ineffective for failing to object to the quantity and type of drugs attributed to him. *See* Mot. § 2255 (Doc. 146) at 3, 4, 6, 7. These claims are all based on an inaccurate understanding or recollection of what happened.

The claim of breach arises from a typographical error in the plea agreement. The United States agreed to dismiss Count 2, *see* Plea Agreement at 2 ¶ 2 (second paragraph), 3 ¶ 3, and it did just that at sentencing, *see* Sentencing Tr. at 19:11–16; Judgment (Doc. 116) at 1. The plea agreement generally described the money laundering count as "Count II," when it should have said "Count III," but the Indictment did not change. Count 3 of the indictment alleged money laundering, and Count 2 did not. Thus, when the plea agreement addressed money laundering, it could only be understood to mean Count 2. *See* Plea Agreement at 2 ¶ 2 (fourth sentence), 3 ¶ 4. The plea agreement and the offer of proof both set forth the elements of money laundering. *See id.* at 3–4 ¶ 4; Offer of Proof (Doc. 84) at 3. At the change of plea hearing, Villalobos pled guilty to the elements of drug conspiracy and money laundering. There was no confusion at the time.

Villalobos's exposure at sentencing was correctly limited by his guilty plea. *See, e.g., Alleyne v. United States*, 570 U.S. 99, 103 (2013); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Villalobos admitted he was responsible for a substance containing at least 50 grams of methamphetamine. That is what the

4

indictment charged and what the plea agreement admitted. *See* Indictment (Doc. 1) at 2; Plea Agreement (Doc. 73-1) at 3 ¶ 4. The transcript of the change of plea hearing shows that Villalobos admitted the same at the plea colloquy. So the mandatory minimum penalty was five years, and the maximum penalty was 40 years. *See* 21 U.S.C. § 841(b)(1)(B)(viii); Presentence Report ¶¶ 82–84; Sentencing Tr. (Doc. 145) at 524–6:10.

The base offense level under the sentencing guidelines was not restricted to Villalobos' admissions. *See, e.g., United States v. Watts*, 519 U.S. 148, 157 (1997) (per curiam); *United States v. Pimentel-Lopez*, 859 F.3d 1134, 1142–43 (9th Cir. 2016). It was based on a conservative estimate of the quantity of drugs he dealt between January and November 2015, evidenced by his money laundering transactions, a controlled buy, methamphetamine seized during traffic stops, and confidential informant statements. *See* Presentence Report ¶¶ 6–13.

Finally, Villalobos claims counsel should have challenged the drug quantity and type for the same reasons his § 2255 motion does. *See* Mot. § 2255 (Doc. 146) at 7. Because Villalobos's claims are baseless, he cannot meet either the unreasonable performance prong nor the prejudice prong of the applicable test. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984).

All claims are denied for lack of merit.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Villalobos's claims are based on inaccurate recollection of what happened. The typographical error in the plea agreement, confusing Count 2 and Count 3, could not have led to real misunderstanding. Villalobos knew he was pleading guilty to the drug conspiracy described in Count 1 and to money laundering, which was Count 3, not the other drug crime alleged in Count 2. The sentencing range was properly limited by the terms of Villalobos's guilty plea. His sentence was properly based on a conservative estimate of the amount and type of drugs attributable to him, even though the estimate arrived at an amount and purity beyond what Villalobos admitted. Villalobos does not identify any reasonable basis for an objection to the sentence, much less a reasonable probability the

6

sentence would have been less than 130 months. Reasonable jurists would find no basis to encourage further proceedings. A COA is denied.

Accordingly, IT IS HEREBY ORDERED:

1. Pursuant to 28 U.S.C. § 753(f), the Court CERTIFIES that the transcript of the change of plea hearing, held on June 10, 2016, is required to decide the issues presented by Villalobos.

2. The United States shall immediately order the transcript of that hearing for the Court's file, with a copy to be delivered to Michael Vincent Villalobos, BOP # 16051-046, FCI Lompoc, Federal Correctional Institution, 3600 Guard Road, Lompoc, CA 93436.

3. Villalobos's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 143, 146) is DENIED.

4. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Villalobos files a Notice of Appeal.

5. The Clerk of Court shall ensure that all pending motions in this case and in CV 18-118-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Villalobos.

DATED this 19th day of November, 2018.

Susan P. Watters
United States District Court